Will the clerk please call the next case? 3-23-0263-WC Julio Saucedo-Diaz, Appellant by Martha Niles v. Illinois Workers' Compensation Comm'n at All, Diversify Labeling Solutions, Appalee by Brian Ratterman. Ms. Niles, you may proceed. Thank you, Your Honor. Good afternoon. As you know, I am Martha Niles and I represent the appellant in this matter, Julio Saucedo-Diaz. This case comes before this honorable court based on an odyssey technicality and quite honestly, I will frankly admit that my lack of familiarity with odyssey is part of the problem going on here. We did file a 19-F motion in the circuit court on a timely basis. Unfortunately, the court rejected the filing, odyssey rejected the filing and I did not find that out for a few days and as soon as I did, I discovered it was a scrivener's error and that the court had failed to collect payment from the posted credit card that we had with the system. I corrected those immediately and asked the court to allow us to proceed. Respondent's counsel, in this case the appellee, moved to dismiss the case. This case went to the circuit court on the fact that the contract in the case was, in our opinion, induced fraudulently. We moved to the commission to have the fraudulent contract rescinded because a contract that is fraudulently based can be rescinded at any time. The commissioner sitting on the date that the motion was raised denied any arguments or briefs on the issue and dismissed the motion based on the timing of the motion after the 30-day period had expired for the contract. The circuit court declined to allow us to proceed on the motion to rescind and based on my improper ability to get this stamped on the file, I filed a motion to reconsider providing copies of the envelopes of the original filing demonstrating that it had in fact been filed on time despite a scrivener's error. The court declined to reconsider the case and affirmed its motion. We are now in front of you on that issue. Essentially, substantial justice is being denied here. My client had a contract that we believe was fraudulently induced. We have not been able to get to the merits of the case based on a technicality. Does the technicality exist? Yes. I would be foolish to say it doesn't. That is essentially my fault, but I do not believe that my client should be punished for my lack of competence with Odyssey. In fact, the prior cases I'm sorry, was somebody asking a question? I don't believe so. You may continue. Thank you. There is prior case law in Illinois that indicates if a filing has been attempted on time and there's paperwork to show that, it should be allowed to proceed even if there were scrivener's errors that were later corrected. Those cases are cited in both my brief to this court and to the court below. There is ample evidence that we filed on time. The real issue now becomes whether my client has been denied substantial justice, which he has. The commission declined to allow briefing or oral arguments on the issue of the underlying fraud. As stated earlier, fraud can be raised at any time to rescind a contract. The commission had jurisdiction. The commission erroneously declined to take that jurisdiction and allow the case to proceed on its merits. The only way that substantial justice can be served in this manner, in this case, is to remand the case to the commission for full briefing and arguments on the underlying alleged fraud. Counsel, can I impose a question? You indicated you had case discussing the ramifications of a scrivener's error with regard to the timing of filing. Did those cases analogize sort of a non-payment situation in this case to a scrivener's error? Do you feel that this comes under that same verbiage? I feel it comes under the same verbiage. One of the cases in particular talked about it as a minute book, that it was filed in the minute book, but not accepted because of a scrivener's error. The payment was actually the court's error, quite frankly. My firm has a credit card on file with the court to make all these payments. There was no excuse for them not to have used that credit card to make the payment. The other reason it was declined was because I failed to sign one page of one document. That is the actual scrivener's error. So, just so that I'm clear, because I was a little unclear in reviewing the record, it was the non-signing of this one document that the clerk's office, that made the clerk's office not process the payment? I do not know why they did not process the payment. I can only speculate that that was the reason. The clerk's office did not discuss that with me. Thank you. Essentially, your honors, this is a case where my client should not be punished for my lack of experience with Odyssey. Substantial justice does require that this be remanded to the commission for a hearing on the merits of the issues. Thank you. Okay. You will have time in reply. Mr. Ratterman, you may respond. Thank you. Good afternoon, your honors. Brian Ratterman for the Appellate Diversified Labeling Solutions. May I please the court? Your honor, I think the facts which support Judge Belford's dismissal for lack of timeliness under 619A5 are really quite simple, and I hope to present them in a way that shows that. So, it is admitted by or agreed by the parties the commission's decision which has been reviewed here was received on August 9th of 2022. It has been agreed by the parties that because this was filed under section 19F of the act, there is a 20-day deadline from receipt of the commission's decision to file. We agree that that deadline was August 29th of 2022. The file stamped documents which initiated this review bear a date and time of September 9, 2022 at 1052 a.m. That is 32 days after receipt of the commission's decision or said another way, 12 days late. And those really are the facts. And I would offer to this court that filing 12 days past the deadline is not a mere technicality. It is missing the statute of limitations quite substantially. And it were those facts that Judge Belford had to rely upon when he granted the motion to dismiss. Now, there's been additional efforts to maybe confuse the matter on timeliness. Particularly, there was an exhibit entered in the appellant's response brief during the initial briefing stage marked as an exhibit B, which appears to be a screenshot of some efforts within an e-filing system. Now, that exhibit does not have an affidavit attached to it to explain what it is, its relationship to this case, who submitted it, or its relationship to the council representing the appellant. Documents submitted with a brief or a motion must have a proper foundation. And so, no proper foundation was laid and would not be admissible evidence. But getting beyond the foundational issues, though they are big ones, looking at what the document is in substance shows that the outcome has not changed from that decided by Judge Belford. So, exhibit B to the initial response brief shows documents are in a submitting status, which I think by reasonable inference means that the act of transferring or transmitting documents to the circuit court on August 29, 2022 was not completed. And given Supreme Court Rule 9D, the Supreme Court's e-filing manual and case law, timeliness equals submission on or before the document is due. If there was submission on August 29, 2022 as contended, there should be an email receipt of that. If they were rejected on September 12th as contended, there should be an email receipt of that. This record is devoid of any of those offers of proof. And so, this leaves Judge Belford and this Honorable Court to consider file stamp documents, which are 12 days past the deadline. Of course, there was a motion to reconsider that was filed after the circuit court entered its dismissal order on January 23, 2023. With that motion to reconsider, Your Honors, was an exhibit which was labeled as A, and that was purported to be an envelope, an e-filing envelope generated by the ODYSSEY system showing documents submitted on August 29, 2022. We have the same foundational issues attached to those documents. There was no affidavit describing what they are, authenticating that they were submitted in conjunction with this review, or any real description of their nature and importance. And this was also evidence which was submitted for the very first time in the motion to reconsider. And given that if these documents are what they purport to be, would have been in the appellant's possession from August 29, 2022, all the way through the initial briefing stage and the court's dismissal order. It's an improper purpose to introduce new evidence at the time of a motion to reconsider. And so, Judge Belford did not abuse his discretion when he denied the motion to reconsider. But again, backing away from these procedural concerns, substantively, neither Exhibit B in the initial briefing or Exhibit A in the motion to reconsider change the outcome here. And that's if you look even at Exhibit A in the motion to reconsider, the documents purporting to show submission, that does not mean that they were timely. For a document to be timely, it has to be accepted by the clerk. And the reason that is, and case law supports and e-filing manual generated by the Supreme Court shows, if you submit on time and the circuit court reviews those documents after the statute passes, the file stamp date relates back to the initial submission. But if a document is submitted and rejected for one reason or another, it is upon, it is the impotence of the, or the responsibility, I should say, of the submitting party to either correct those errors inside of the statute of limitations or file a motion seeking the appropriate leave pursuant to Supreme Court Rule 92. Given a file stamp after the deadline, the error, as it's called a scrivener's error, was not corrected inside the statute of limitations and no appropriate relief was sought. There's never been a motion asking the trial court to relate the initial file stamp back to the date of submission, which the trial court would have had discretion to do with good cause shown, of course. Good cause has been described as technical errors with the e-filing system, but this is not a technical error. This is an admitted user error, as I think has been stated quite honestly. And I don't believe that we can call this just as signature that was missing was one that was on, that was not placed on the written request to issue summons. In the 19-F review, that is essentially the complaint. I mean, it's the initiating document and the rules would require signatures be affixed. But whether or not good cause could be shown is somewhat of a theoretical argument because there was never any effort to seek relief under Supreme Court rule. And that again has left the circuit court and this honorable court to consider only the evidence of when the file stamp was applied. And that was, of course, 12 days late on September 9th. Now, we understand the issues of substantial justice, but there is no substantial justice which would change the outcome. And in fact, I think substantial justice would favor our position because we have a settlement contract which was approved in 2020, January of 2020. It was motioned to rescind nearly two years later and dismissed for lack of jurisdiction. And now we are here in 2024 addressing procedural issues. I would say finality would favor diversified position. And I would conclude by saying there are no well-pled facts of fraud. Even if we overcome hurdles of procedure, there's no way to grant the relief being sought, particularly remanding this all the way back to the commission because the circuit court never addressed the commission's jurisdiction over the matter. So, considering the procedural rules and the facts which apply to them, I think the decision by the circuit court to dismiss for lack of timeliness is supported by the law. And we would ask for Your Honor's affirmance. Thank you. Questions from the court? None. Okay. Thank you, Mr. Raderman. Counselor Niles, you may reply. Thank you, Your Honor. First of all, with respect to the argument that an affidavit was required, counsel is simply wrong. Supreme Court Rule 137 does not require an affidavit under these circumstances. The pleadings signed by the attorney, myself, are self-authenticating. That's number one. Number two, there's no actual requirement for an affidavit anywhere in the procedural rules. But in an abundance of caution, we did file a certificate in the motion to reconsider, pointing out that these are the authentic documents that were filed on August 29. I believe that may be C218-223 in the underlying record. It is Exhibit 2A to the circuit court filing of April 10, 2022. With respect to the statement that we're simply trying to confuse the matter, no, we're not. This is a very clear procedural issue that there was a mistake made, there's no question it was made. It was corrected as soon as I was made aware of it. I did not have control over why the circuit court did not take the fee. I did miss a signature which was applied as soon as I was aware that it had not been applied. And I do have the documents that the court could have related back. Now, with respect to counsel's statement that substantial justice is served here, no, it's not. It's simply not. No one has ever gotten to the issue of the fraud. Of course the circuit court didn't discuss it. They couldn't. The case was dismissed by the commissioner without even addressing that issue. That issue has never been discussed at the circuit court level. I most assuredly cannot raise it at this level. The only way to get to the substantial justice of the case is to remand this back to the commission so that they can have a hearing following a briefing on the underlying fraud claim. What would be our finding to make that ruling? What would we state in our finding? I believe you would need to state that the arbitrator abused his discretion in refusing to allow hearings and briefing on the schedule and that circuit court erred in failing to grant my motion to reconsider and allow the case to be heard in front of the court to go back to the commission. How could we? The commission dismissed it on jurisdictional ground. They said they had no jurisdiction here in this case. The commissioner was incorrect in that matter, your honor. That is something that should have been argued in front of the circuit court. The problem is the circuit court has a 20-day statute that requires compliance within 20 days. That is jurisdictional. That is subject matter jurisdiction. Now we have the question of did you comply with the subject matter jurisdiction? The only thing we could do is if we chose to do it is to reverse the circuit court and send it back to the circuit court to have a hearing on the question of whether the commission had jurisdiction or didn't. We can't send it back to the commission and tell them to hear it on the merits. That would be fine with me, your honor. But the relief you asked for, we could never grant. Well, sir, if you cannot grant it, then I apologize for asking for it. But I would ask that it be remanded to the circuit court at the very least for a hearing on the underlying merits of whether the commission still had jurisdiction, which they did because the allegation is fraud. Fraud in a contract does not terminate jurisdiction. And the only agency in the state that has jurisdiction over workers' compensation contracts is the workers' compensation commission until they enter a final decision. I see I only have a few moments left, your honors. Are there any further questions that I may address? In that case, I do... Judge Mullen, you're unmuted. Excuse me. Justice Mullen? Justice Mullen, you're muted, ma'am. I can't hear you. There, I'm finally unmuted. Thank you. Excuse me. I was going to ask you, and I don't want to catch you off guard, but in your reply, you say Illinois holds a pleading signed by an attorney or self-authenticating. And I went to just... I was interested in that and went to see the case. There's no pin site, by which I mean you didn't cite to a paragraph or a page. You just gave the first... You gave the document number and the first page of the Northeast site. But it does not appear to say anything very like that. It's a case about judicial admissions. I just wonder how you drew that rule. Your honor, if I may bother you for the citation, please, ma'am. Yeah, it's 2014 ILAP 1st, 1, 2, 3, 7, 8, 4. It's about judicial admissions. I took a look. It's like the... I didn't find authenticating. I didn't find attorney. I mean, I do skim it. I'm sorry, your honor. I'm having a little trouble finding that specific case. That's all right. I can review it further. I assure you that when I reviewed the case... I know that clearly the case, we could agree it stands for the proposition that the things an attorney says in a pleading of importance, and they can be used as judicial admissions. That I'm sure the case says, but... This was in my reply briefing, ma'am? Yeah, on page four. Thank you, your honor. No worries. Thank you. Okay. Any further questions from the court? None? Okay. Thank you, counsel, both, for your arguments in this matter this afternoon. It will be taken under advisement. A written disposition shall issue. And at this time, the clerk of our court will escort you out of our remote courtroom. Thank you.